.750



## OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable T. M. Trimble
First Assistant
State Superintendent of Public Instruction
Austin, Texas

Dear Sir:

Opinion No. O-6573
Re: Can a tax assessor-collector
who is also a member of the
Board of Trustees for the
School District, refuse to
assess or collect taxes for
any of the school districts?

This in reply to your letter of May 8, 1945, requesting an opinion of this department relative to the contents of two letters attached to your letter.

These two letters from Mr. E. H. Rabel, Assessor and Collector of Taxes of Colorado County, Texas, are as follows:

Letter dated April 25, 1945:

"I have your letter of April 24, in which you stated that you had an Attorney General's Opinion which reads that, a member of the board of trustees may not at the same time serve as tax assessor-collector for the district.

"I wish to state further that I am elected State and County tax assessor-collector and the law if any school district in the County don't want to appoint their own tax assessor-collector, then the State and County tax assessor-collector must assess and collect for the school district, as I am not a special assessor-collector of the school dist. I am the State and County tax assessor-collector.

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

"If I am wrong, I would like for you to advise
me whether or not I can refuse to assess or collect
for the Columbus Ind. School Dist. or any other school
dist."


Letter dated May 5, 1945:


"I have your letter of May 4, in which you
stated that it is your opinion that my office as
County Assessor-Collector, and also assessing and
collecting for the Columbus Ind. School Dist. are
in conflict with my duties as a member of the Board
of Trustees of the Columbus Ind. School Dist.

"You also stated that you would present the
matter to the Attorney General for his consideration
and opinion, if I do desire. So please get an opinion
from the Attorney General on this matter."


We are attaching to this opinion and making a part of
same, Opinion No. O-6344, rendered by this department February 28,
1945. We quote from page 8 of said opinion:


"When Article 1042b was amended in 1941 so as to omit
independent school districts from its provisions, such
districts were left with the power under Article 2792
to require tax assessors and collectors to assess and
collect their taxes, but no provision has been made to
compensate such tax assessors and collectors for such
service."


Since Article 2792 places the duty upon the county tax
assessor and collector to collect the taxes for an independent school
district a tax assessor and collector cannot legally refuse to per-
form that duty.

If a county tax assessor and collector could legally
serve as a member of the Board of Trustees of an independent school
district, such tax assessor and collector would be in a position,
as a member of said Board, to vote upon the proposition as to

752

whether he should be the assessor and collector for the district or whether the Board of School Trustees should employ someone else as such assessor and collector.

It is, therefore, the opinion of this department that the office of County Assessor and Collector, in the instant case, is incompatible with the office of Trustee of an independent school district. Taylor v. Brewster County, 144 S. W. 314, error dismissed, judgment correct; Pruitt v. Glenrose Independent School District, 184 S. W. (2d) 1004, (Sup. Ct.); Thomas, et al v. Abernathy County Line Independent School District, 290 S. W. 152.

Yours very truly

ATTORNEY GENERAL OF TEXAS

APPROVED MAY 22, 1945

ATTORNEY GENERAL OF TEXAS

By

R. J. Long
Assistant

RJL:EP


APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN